UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER KHAMI,

    Plaintiff,

v.

CENLAR FEDERAL SAVINGS BANK, a/k/a,
CENLAR FSB Central Loan Administration
& Reporting

    Defendant.

Case No.: 20-cv-11976
Hon. _____
Mag. _____

_____

## NOTICE OF REMOVAL
_____

Defendant CENLAR, FSB, incorrectly sued herein as CENLAR FEDERAL SAVINGS BANK, a/k/a, CENLAR FSB Central Loan Administration & Reporting ("Cenlar"), by Counsel and consistent with 28 U.S.C. §§ 1331, 1441, and 1446, respectfully notifies this Court that it is removing the above-captioned action, currently pending as Case No. 2020-181875-CH in the 6th Circuit Court for the County of Oakland, State of Michigan. As grounds for the removal, Cenlar states as follows:

1. On or about June 19, 2020, Plaintiff filed a lawsuit in the 6th Circuit Court for the County of Oakland, State of Michigan, entitled *Christopher Khami v. Cenlar Federal Savings Bank a/k/a, Cenlar FSB Central Loan Administration &*

1

*Reporting*, arising out of an issuing involving a mortgage on the real property located at 2540 Florence Drive, Rochester Hills, Michigan 48309.[1]

2. This Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed on July 21, 2020, which is within thirty days of June 29, 2020, the date of service on Cenlar.

3. Consistent with 28 U.S.C. § 1446(a), true and correct copies of the pleadings in the state court action are attached and incorporated as (**Exhibit 1**). No further proceedings have been had in the state court action in relation to Plaintiff's Complaint.

4. The above-described action is one that may be removed by Defendant consistent with the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446 on the basis of federal question jurisdiction and supplemental jurisdiction.

## Federal Question and Supplemental Jurisdiction

5. Plaintiff's Complaint alleges claims for: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*; (2) violations of 15 U.S.C. § 1692 *et. seq.* (Fair Debt Collection Practices Act) ("FDCPA") and MCL 445.251 *et. seq.* (Michigan Regulation of Collection Practices Act) ("MRCPA"); and (3) a Discharge of Paid Mortgage pursuant to MCL 565.44.

---

[1] Exhibit 1, Plaintiff's Complaint, Case No. 2020/181875-CH.

6. This Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because the heart of Plaintiff's Complaint, his claims for violations of the FCRA and FDCPA, arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. Specifically, the lead count in Plaintiff's Complaint alleges that Cenlar violated the FCRA by failing to establish or follow reasonable procedures in credit reporting.[2] . Likewise, Plaintiff alleges that Cenlar failed to cease and desist contact with Plaintiff in violation of the FDCPA.[3]

8. Thus, consistent with 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over Plaintiff's FCRA and FDCPA claims. *See Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 512 (6th Cir. 2019) ("First Southern removed the action to federal district court, properly invoking federal question jurisdiction for Plaintiffs' claims under the Fair Credit Reporting Act ("FCRA"), and supplemental jurisdiction over Plaintiffs' related state common law claims.") (internal citations omitted); *See also, Hawkins v. EverBank Mortg.*, No. 1:16-cv-83, 2016 U.S. Dist. LEXIS 116521, at *6, (W.D. Mich. July 20, 2016) ("In his complaint, Plaintiff alleges violations of the Truth in Lending Act and the Fair Debt Collection Practices

---

[2] Exhibit 1, p. 3 of 7.
[3] Exhibit 1, p. 4 of 7.

3

Act both of which are enactments of federal law. The United States District Courts have original jurisdiction over claims alleging violation of either enactment.")

9. Further, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1367 and 1441(c) and general principles of supplemental jurisdiction, over Plaintiff's remaining claims state law claims involving the MRCPA and MCL 656.44 since they are part of the same case and controversy. *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 512 (6th Cir. 2019).

10. The Eastern District of Michigan is the proper judicial district for removal because Oakland County is where the state court action is currently pending.

11. Venue is proper under 28 U.S.C. § 1441(a) and E.D. Mich. LR 83.10 because this Court is the United States District Court for the district corresponding to the place, Oakland County, where the action is pending.

12. This action is not an action described in 28 U.S.C. § 1445.

13. By virtue of this Notice of Removal, Cenlar does not waive its right to respond to the Complaint and/or assert any claims, defenses, or other motions.

14. This Notice of Removal will be served on all adverse parties consistent with 28 U.S.C. § 1446.

15. Pursuant to 28 U.S.C. § 1446(d), a notice of filing—a copy of which, without exhibits, is attached hereto—is contemporaneously being filed with the

Circuit Court for the County of Oakland, State of Michigan, and electronically served on the adverse party. (**Exhibit 2**).

## CONCLUSION

16.   Therefore, Cenlar hereby gives notice of this removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

Cenlar therefore requests removal of the state-court action to this Court and request that further proceedings be conducted in this Court as provided by law.

Dated:  July 23, 2020                                  Respectfully submitted,

/s/ *J. Travis Mihelick*
DINSMORE & SHOHL LLP
J. Travis Mihelick (P73050)
*Counsel for Defendant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
travis.mihelick@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on *July 23, 2020* I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system and that a copy was electronically served on all counsel of record via the ECF system, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. mail.

/s/ *J. Travis Mihelick*
J. Travis Mihelick (P73050)