UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER KHAMI,

    Plaintiff,

v.

CENLAR FEDERAL SAVINGS BANK, a/k/a,
CENLAR FSB Central Loan Administration
& Reporting

    Defendant.

Case No.: 2:20-cv-11976
Hon. Gershwin A. Drain
Mag. R. Steven Whalen

_____

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
_____

Defendant CENLAR, FSB, incorrectly sued herein as CENLAR FEDERAL SAVINGS BANK, a/k/a, CENLAR FSB Central Loan Administration & Reporting ("Cenlar"), by its counsel, Dinsmore & Shohl LLP, and for its Answer to Plaintiff's Complaint states as follows:

### GENERAL ALLEGATIONS

1. CHRISTOPHER KHAMI (hereinafter referred to as ("Khami") is an individual that resides and owns real estate in Rochester Hills, Oakland County, Michigan.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted.**

2. Defendant, CENLAR is a foreign corporation which conducts or transacts business in Oakland County State of Michigan.

**ANSWER: Cenlar admits only that it is a federally chartered savings bank, with its principle place of business in New Jersey, which conducts or transacts business in Oakland County, Michigan. Any remaining allegations are denied as untrue.**

3. This matter involves real property located at 2540 Florence Drive, Rochester Hills, Michigan 48309 (hereinafter referred to as the "Subject Property") and more fully described as follows:

> Unit No. 12, Kingston Pointe North, a condominium according to the Master Deed recorded in Liber 21967, Pages 563 through 616. both inclusive, and amended by First Amendment to the Master Deed recorded in Liber 25985, Pages 538 through 544, both inclusive, Oakland County Records, and designated as Oakland Condominium Subdivision Plan No. 1300, together with the rights in general common elements and limited common elements, as set forth in the above described Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.
>
> COMMONLY KNOWN AS: 2540 Florence Drive
>
> PARCEL No.: 15-32-126-074

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted.**

4. Jurisdiction and venue are proper in this court under (sic).

**ANSWER: This paragraph contains conclusion of law for the state court, and is thus moot after removal and requires no response. Cenlar does not dispute that jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan. Cenlar further denies that any events occurred which would substantiate Plaintiff's alleged claims.**

5. Venue is proper in that Defendant transacts business, the conduct complained of occurred and the Subject Property is located in Oakland County, State of Michigan.

**ANSWER: This paragraph contains conclusion of law for the state court, and is thus moot after removal and requires no response. Cenlar does not dispute that jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan. Cenlar further denies that any events occurred which would substantiate Plaintiff's alleged claims.**

6. Defendant is a foreign corporation conducting business in the State or Michigan.

**ANSWER: Cenlar admits only that it is a federally chartered savings bank, with its principle place of business in New Jersey, which conducts business in the State of Michigan. All remaining allegations are denied as untrue.**

7. Plaintiff executed and took out a mortgage and Note with CitiMortgage, Inc. on or about January 18, 2006 (2006 Mortgage).

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. Further, any referenced documents speak for themselves.**

## FACTUAL ALLEGATIONS

8. Plaintiff and CitiMortgage, Inc. subsequently entered into a HAMP BACKUP MODIFICATION AGREEMENT on or about September 2, 2010.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. Further, any referenced documents speak for themselves.**

9. On or about February 20, 2020, Plaintiff obtained information from his credit file that included information Defendant incorrectly reported.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. Further, any referenced documents speak for themselves. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

10. Defendant reported that Plaintiff had an outstanding mortgage owing.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

11. This information was inaccurate due to the fact Khami had paid the Mortgage off in November 2019.

**ANSWER: Denied as untrue.**

12. Plaintiff had provided Defendant on numerous occasions information to correct its erroneous information.

**ANSWER: Denied as untrue.**

13. On information and belief, Plaintiff never received a response to his dispute and never received any investigation results from Defendant.

**ANSWER: Denied as untrue.**

14. As a result of the acts alleged above, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and

emotional pain and anguish and the humiliation and embarrassment of lower credit scores.

**ANSWER: Denied as untrue.**

## COUNT I
## FAIR CREDIT REPORTING ACT
## 15 USC 1681 et Seq.

15. [LEFT OUT OF COMPLAINT]

16. Plaintiff incorporates by reference paragraphs 1-15 as though fully set forth here.

**ANSWER: Cenlar incorporates all prior paragraphs.**

17. Plaintiff is a consumer as defined under 15 USC §1681 et. seq.

**ANSWER: This paragraph contains conclusions of law, and thus requires no response. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

18. Defendant violated the Fair Credit Reporting Act 15 USC § 1681 et seq. by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the reporting of credit information of Plaintiff that would be published and maintained by credit reporting agencies concerning Plaintiff.

**ANSWER:  Denied as untrue.**

19.Defendants conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the court pursuant to l 5 USC §168 ln, In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC §1681o.

**ANSWER:  Denied as untrue.**

20.Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the court pursuant to 15 USC §168 ln or §168lo.

**ANSWER:  Denied as untrue.**

### COUNT II
### DEBT COLLECTION PRACTICES ACT VIOLATIONS
### 15 USC 1692 et seq. (FDCPA) and MCL 445.251 et seq. (MRCPA)

21.Plaintiff incorporates by reference paragraphs 1-20 as though fully set forth here.

**ANSWER:  Cenlar incorporates all prior paragraphs.**

22.Defendant is a Debt Collector as defined by the FDCPA 15 USC 1692 et seq. which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**ANSWER:  Denied as untrue.**

23. Plaintiff is a consumer protected under the FDCPA 15 USC 1692 et. seq.

**ANSWER: This paragraph contains conclusions of law, and thus requires no response. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

24. Upon information and belief Defendant was acting as servicer and was informed of Plaintiffs desire it cease and desist further contact with the Plaintiff.

**ANSWER: Denied as untrue.**

25. Defendant was informed that Plaintiff was represented by an attorney and that all future communications should be made through Plaintiff's counsel.

**ANSWER: Defendant admits only that it was informed that it was authorized to communicate with an attorney purportedly representing Plaintiff. The remainder of the allegations in this paragraph are denied as untrue.**

26. Defendant was contacted by Plaintiff's counsel and informed that all future communications would be handled through counsel.

**ANSWER: Denied as untrue.**

27.  Defendant was asked to verify the basis for the claim that there was an outstanding amount owed under the Mortgage.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

28.  Defendant failed to honor Plaintiffs direction to cease and desist contact with Plaintiff in violation of CL 445.253. et. seq.

**ANSWER:  Denied as untrue.**

29.  Defendant on numerous occasions continued to contact Plaintiff after being instructed that all communication was to be handled through his attorney in violations in violation of MCL 445.252(h).

**ANSWER:  Denied as untrue.**

30.  Defendant by its conduct and disregard of Plaintiffs instructions has violated the Michigan Regulation of Collection Practices Act (MRCPA), MCL 445.251 et seq.; and the Michigan Occupational Code (MOC), MCL 339.901 et seq.

**ANSWER:  Denied as untrue.**

31. On or about January 8, 2020, Defendant verbally as well as by sending an email (as directed by Defendant) to Defendant demanding contact be made via Plaintiff's counsel.

**ANSWER: Denied as untrue.**

32. Defendant failed to honor these instructions in violation of MCL 445.251 ct seq. and 15 USC §1692 ct. Seq.

**ANSWER: Denied as untrue.**

33. Plaintiff's attorney notified Defendant that he represented Plaintiff and demanded that Defendant cease communication with Plaintiff.

**ANSWER: Denied as untrue.**

34. Defendant subsequently communicated to Plaintiff a subsequent threat of legal action and legal consequences if payment was not received.

**ANSWER: Denied as untrue.**

35. Defendant violated the MRCPA, MCL 445.251 et seq. Defendant's violations include, but are not limited to, the following:

    a. Defendant communicated in a misleading or deceptive manner in violation of MCL 445.252;

    b. Defendant's false threat to initiate legal action violates MCL 445.252(f);

  c. Defendant's communication with Plaintiff after being notified that Plaintiff was represented by an attorney violates MCL 445.252(h).

**ANSWER:** **Denied as untrue.**

36. As a result of Defendant's violations of the MRCPA, Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs, and attorney fees.

**ANSWER:** **Denied as untrue.**

37. As a result of the acts alleged above, Plaintiff suffered actual damages, including emotional distress.

**ANSWER:** **Denied as untrue.**

38. As a result of Defendant's violations of the FDCPA and MRCPA, Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs, and attorney fees.

**ANSWER:** **Denied as untrue.**

39. Plaintiff is entitled to his attorney fees pursuant to MCL 445.257(2) and 15 USC §1692k(3).

**ANSWER:** **Denied as untrue.**

## COUNT III
## DISCHARGE OF PAID MORTGAGE
## (MCL 565.44)

40. Plaintiff incorporates by reference paragraphs 1-39 as though fully set forth here.

**ANSWER: Cenlar incorporates all prior paragraphs.**

41. Plaintiff sought and received a payoff from Defendant for the 2006 Mortgage dated October 24, 2019 providing a payoff of $205,689.98 good through November 24, 2019.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. Further, any referenced documents speak for themselves. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

42. Plaintiff's title company tendered via wire transfer the requisite payoff funds on or about November 5, 2019.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. Further, any referenced documents speak for themselves. To the extent there are**

**allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

43. Defendant refused the tendered funds and payoff and sent a letter dated November 29, 2019 requesting additional funds needed to pay off the 2006 Mortgage.

**ANSWER:** **Upon information and belief, admitted as true.**

44. The HAMP BACKUP MODIFICATION AGREEMENT indicates the "New Principal Balance" will be $244,288.65.

**ANSWER: Any referenced documents speak for themselves. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

45. Plaintiff's payments and the October 24, 2019 payoff would have totaled the appropriate amount to equate to the principle balance of $244,288.65.

**ANSWER:** **Denied as untrue.**

46. Plaintiff made all of the payments under the 2006 Mortgage as modified and as agreed.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

47. Upon information and belief, there was an amount in addition to the Principal Balance that was forgiven. That amount was deferred and then after the seven year anniversary of the modification agreement it no longer appeared on Plaintiffs mortgage statements and was no longer owed.

**ANSWER: Denied as untrue.**

48. Plaintiff communicated thorough counsel and personally that this amount was no longer owed and the payoff as originally provided on October 24, 2019 was correct.

**ANSWER: Cenlar neither admits nor denies the allegations for lack of knowledge upon which to form a belief as to the allegations asserted. To the extent there are allegations of wrongdoing against Cenlar, Cenlar denies them as untrue. Cenlar denies that any events occurred which would substantiate Plaintiff's alleged claims.**

49. Defendant has refused and failed to provide any documentation to support their claim that any amounts greater than the October 24, 2019 payoff letter are owed or that Defendant was justified in rejecting the amounts tendered by the title company on or about November 5, 2019.

**ANSWER:** **Denied as untrue.**

50. Defendant's failure to properly identify the basis for any amounts owed in excess of the modification agreement and/or the October 24, 2019 payoff letter and its failure to timely discharge the 2006 Mortgage has caused Plaintiff great time, effort and cost to pursue correction of this matter.

**ANSWER:** **Denied as untrue.**

WHEREFORE, Defendant requests that this Honorable Court enters an Order dismissing this matter in its entirety and awarding Defendants costs, interest, and fees for having to defend this baseless action.

Dated: August 5, 2020               Respectfully submitted,

                                    /s/ *J. Travis Mihelick*
                                    DINSMORE & SHOHL LLP
                                    J. Travis Mihelick (P73050)
                                    *Counsel for Defendant*
                                    900 Wilshire Drive, Suite 300
                                    Troy, Michigan 48084
                                    (248) 203-1655 / (248) 647-5210 (fax)
                                    travis.mihelick@dinsmore.com

## DEFENDANT'S SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant CENLAR, FSB, incorrectly sued herein as CENLAR FEDERAL SAVINGS BANK, a/k/a, CENLAR FSB Central Loan Administration & Reporting ("Cenlar"), by its counsel, Dinsmore & Shohl LLP, hereby relies upon the special and/or affirmative defenses identified below.

1. Plaintiff fails to state a claim upon which relief may be granted.

2. There are no genuine issues as to any material fact and, therefore, Cenlar is entitled to summary judgment as a matter of law.

3. Plaintiff's claims of damages or liability may be barred, in whole or in part, by the applicable statute of limitations, statutes of repose, or other statutes relevant to the limitations of actions.

4. At all relevant times hereto, Cenlar's alleged actions complied with any and all of its duties under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq. ("FCRA").

5. At all relevant times hereto, Cenlar's alleged actions complied with any and all of its duties under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

6. At all relevant times hereto, Cenlar's alleged actions complied with any and all of its duties under the Michigan Regulation of Collection Practices Act, MCL 445.251, et. seq. ("MRCPA").

7. At all relevant times hereto, Cenlar's alleged actions complied with any and all of its duties under the Michigan Consumer Protection Act, MCL 445.903, e. seq. ("MCPA").

8. At all relevant times hereto, Cenlar's alleged actions complied with any and all of its duties under the Michigan Occupational Code, MCL 339.901 et. seq. ("MOC").

9. Plaintiff's claims may be barred because Cenlar's alleged conduct was privileged and/or justified.

10. Plaintiff's claims may be barred because the alleged actions or inactions were approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

11. Plaintiff's claims may be barred because Cenlar complied in good faith with all applicable statutes and regulations.

12. Plaintiff's claims are barred by the doctrine of estoppel, laches, ratification, waiver, comparative and/or contributory negligence, lack of proximate causation, and unclean hands.

13. Plaintiff's claims may be barred because he has failed to join a necessary and indispensable party.

14. Plaintiff's claims may be barred by improper notice.

15. Plaintiff's claims of damages or liability may be barred in whole or part, by 15 U.S.C. § 1681s-2(b), to the extent Plaintiff has not given a consumer reporting agency notice of a dispute in the manner required by 15 U.S.C. § 1681i.

16. Plaintiff's claims are barred because at all relevant times, Cenlar established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the FCRA.

17. Cenlar may not be liable for the actions of the credit reporting agencies because Cenlar did not have knowledge of, authorize, or ratify their actions.

18. Plaintiff's claims may be barred, in whole or in part, by 15 U.S.C. § 1681h(e) and/or 1681t.

19. Cenlar is not a debt collection agency, as defined under the FDCPA or the MRCPA.

20. Cenlar's actions were not willful.

21. Any mistake made by Cenlar was a Bona Fide Error.

22. There was no unequivocal or clear demand by Plaintiff to Cenlar.

23. Any conduct by Cenlar was specifically authorized or was covered under statue.

24. Plaintiff has never fully performed under the mortgage in this matter.

25. Plaintiff's claims of damages or liability may be barred by his failure to mitigate such damages.

26. Plaintiff failed to allege a concrete injury and therefore lacks standing to bring claims under the pled statutes.

27. Any award of damages to Plaintiff will violate due process and/or will constitute an excessive fine or penalty.

28. Cenlar reserves its right to rely upon such other defenses as may become available by law, pursuant to statute, or during the course of discovery in this case, and therefore, reserves the right to plead such additional or special affirmative defenses as they may become known, consistent with Rule 12 and 15 of the Federal Rules of Civil Procedure.

29. Cenlar reserves the right to amend its Answer, including its Affirmative Defenses, upon completion of investigation and discovery in this case.

Cenlar specifically gives notice it intends to rely upon such other defenses as may become available by law or pursuant to statute or during the discovery of this case, and therefore reserves the right to plead such additional special or affirmative defenses as they may become known, in accordance with Federal Rules of Civil Procedure 12 and 15.

Dated: August 5, 2020				Respectfully submitted,

/s/ *J. Travis Mihelick*
DINSMORE & SHOHL LLP
J. Travis Mihelick (P73050)
*Counsel for Defendant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
travis.mihelick@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on ***August 5, 2020*** I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system and that a copy was electronically served on all counsel of record via the ECF system, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. mail.

/s/ *J. Travis Mihelick*
J. Travis Mihelick (P73050)